JAMES FOGARTY, WHO SUES, &c., v. JERSEY CITY, HOBO-
KEN AND PATERSON STREET RAILWAY COMPANY.

Submitted March 20, 1908—Decided June 8, 1908.

1. It is for the jury to say, under the evidence, whether a boy six
   years of age, while attempting to climb a snow bank immediately
   adjoining a street railway track, and who fell and was injured
   by .defendant, was guilty of contributory negligence.
2. It was for the jury to say, under the evidence, whether the
   motorman and conductor of the car, who saw the boy attempt-
   ing to climb a snow bank adjoining the track, exercised reason-
   able care under the circumstances to avoid injuring him.

On rule to show cause upon a verdict for plaintiff at the
Hudson Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN
and MINTURN.

For the plaintiff, *Besson, Alexander & Stevens.*

For the defendant, *William D. Edwards.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff, a boy about six years of age,
was injured by slipping from a snow bank onto the tracks
of the defendant corporation at the junction of Bay and Erie
streets, Jersey City, on the 23d day of February, 1905.

The testimony in behalf of the plaintiff presented a state
of facts from which the jury might infer that the car had
stopped within fifteen or twenty feet from Bay street; that
before the car started again the plaintiff started to cross
Erie street from west to east, and attempted to climb up an
embankment of hardened snow, extending along Erie street
two and a half feet in height, whose base was close to the
car track; and that while in the act of climbing he slipped
down upon the tracks and met with injuries which resulted

in the amputation of one leg and the amputation of one of the toes of the foot of the other leg. The car was going slowly, and the policeman who picked the plaintiff up said the boy was "jammed" between the rear truck of the car and the snow bank.

The defendant offered testimony contradictory of the plaintiff's presentation of the case, from which it was competent for the jury to infer that the plaintiff was one of a number of boys, who were playing upon the top of the snow bank, attempting to touch the car while it was passing, and that the plaintiff, while thus engaged, slipped down the embankment upon the track and met his injuries. The motorman knew nothing of the accident until he was arrested, but remembered seeing three or four small boys on the top of the snow bank walking back and forth. The conductor also saw them as the car came around the curve into Erie street from Newark avenue, but saw nothing of the accident.

It cannot be said, as a matter of law under this presentation of facts, that the plaintiff was guilty of contributory negligence, either by playing upon the snow bank and slipping, if that were conceded, or by slipping from the bank in an attempt to climb it, after having crossed the track, while the car was standing. It was for the jury to say, under the circumstances, whether the plaintiff, at his period of life, was guilty of contributory negligence in either aspect of the case. *Sm. Neg.* 243; 6 *Cyc., c.* 637, and cases cited.

And it was for the jury, under the evidence in the case, to determine whether, when the motorman and the conductor, who, as the car rounded the curve from Newark avenue into Erie street, saw the children playing upon the snow bank close to the tracks, from which they might fall or slip, and thereby be precipitated to the track and injured by a passing car, as contended by defendant, or who saw the plaintiff in the act of climbing the snow bank, after having crossed the track as the fact may be, exercised that high degree of watchfulness and care in the operation of the car which the law imposes upon an electric car company, propelling its cars in a public street where, as was said in *Traction Company* v. *Heit-*

*man's Admr.,* 32 *Vroom* 682, they have reason to expect little children to be playing; or where, as in this case, they see them actually at play, in what may prove to be a dangerous situation.

We conclude, therefore, that the rule to show cause should be discharged.